UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JONATHAN ENGLAND,

Defendant.

Case No. 1:14-cr-73

Judge Timothy S. Black

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 12)**

This criminal case is before the Court on Defendant's motion to dismiss the Indictment (Doc. 12) and the parties' responsive memoranda (Docs. 13, 14).

## I. BACKGROUND FACTS

Defendant was charged with violating 18 U.S.C. Sections 922(g)(9) and 924(a)(2). Specifically, the Government has alleged that the Defendant possessed firearms and ammunition in and affecting commerce after having been convicted of the misdemeanor crime of domestic violence. The Government maintains that the Defendant was prohibited from possessing firearms as a result of his conviction for assault in the fourth degree in violation of Kentucky Revised Statute Section 508.030 in Kenton County District Court, Case No. 02-M-01948.

Defendant maintains that he and the victim of the assault had never been married, had no familial relationship, had no child in common, and had never cohabitated as a spouse. (Doc. 12 at 3). While Defendant admits that he and the victim "had some romantic relationship and, in fact, had engaged in sexual relations," Defendant maintains

that they did not live together, did not share expenses, and actually maintained separate residences. (*Id*.) Accordingly, Defendant argues that the assault does not qualify as domestic violence.

## II. STANDARD OF REVIEW

Motions to dismiss indictments are governed by Rule 12 of the Federal Rules of Criminal Procedure which states that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." Fed. R. Crim. P. 12(b). The Sixth Circuit guides district courts to "dispose of all motions before trial if they are capable of determination without trial of the general issue." *U.S. v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976). Moreover, "Rule 12 vests the court with authority 'to determine issues of fact in such manner as the court deems appropriate.'" *Id.* (quoting Notes of the Advisory Committee to Fed. R. Crim. P. 12, reprinted in 8 Moore, Federal Practice 12.01(3) at 12-8 (2d ed. 1976)).

The Federal Rules of Criminal Procedure "clearly envision that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Jones*, 542 F.2d at 664. A defense raised in a motion to dismiss an indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* (*citing United States v. Covington*, 395 U.S. 57, 60 (1969)).

Federal Rule of Criminal Procedure 7(c)(1), in relevant part, "requires an indictment to include 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Hudson*, 491 F.3d 590, 592 (6th Cir. 2007 ) (quoting Fed. R. Crim. P. 7(c)(1)). It is well established that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charges against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). When considering a motion to dismiss an indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the indictment is valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956). Accordingly, the Court must resolve factual issues in this case, such as they exist, in favor of the indictment.

## III. ANALYSIS

Defendant challenges the legal sufficiency of the indictment claiming that his assault conviction was not a crime of domestic violence because: (1) the Kentucky Statute is a simple misdemeanor assault statute which makes no reference to domestic situations or domestic violence, and; (2) the relationship he shared with the victim of the assault was such that it did not qualify as a crime of domestic violence as defined in 18 U.S.C. § 921(a)(33).

The statute defining the offense with which Defendant is charged makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to "possess in or affecting commerce, any firearm or ammunition."

18 U.S.C. § 922(g)(9). Section 921(a)(33)(A)(ii) defines "crime of domestic violence" as an offense that:

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, *or by a person similarly situated to a spouse, parent, or guardian of the victim*. (Emphasis added).

**A. Whether a Simple Assault Conviction Qualifies as the Predicate Crime**

Several federal courts have considered whether the predicate offense of § 922(g)(9) must include the domestic relationship described in § 921(a)(33)(A)(ii) as an element of the crime. While no authority exists from the Sixth Circuit on this issue, every circuit that has considered this question has concluded that § 921(a)(33) requires only that the use or attempted use of physical force be an element of the predicate misdemeanor offense, and that the existence of a domestic relationship need not be a factor. *Eibler v. Department of ATF*, 311 F. Supp. 2d 618, 621 (N.D. Ohio 2004) (citing *United States v. Kavoukian*, 315 F.3d 139, 144-45 (2d Cir. 2002) (reversing the dismissal of an indictment under Section 922(g)(9) on the basis that a state conviction for menacing in the second degree does constitute the predicate crime under the statute).[1]

[1] *See also United States v. Chavez*, 204 F.3d 1305, 1313-14 (11th Cir. 2000) (conviction under a federal general assault statute can be a "misdemeanor crime of domestic violence"); *United States v. Meade*, 175 F.3d 215, 218-19 (1st Cir. 1999) (defendant's state misdemeanor conviction under a general assault and battery statute for assaulting his spouse is a "misdemeanor crime of domestic violence"); *United States v. Smith*, 171 F.3d 617, 620 (8th Cir. 1999) ("while Section 921(a)(33) requires proof of a domestic relationship, it only requires the predicate misdemeanor to have one element: the use or attempted use of physical force" and therefore that conviction under an Iowa misdemeanor simple assault statute for the defendant's assault of the mother of his child constituted a "misdemeanor crime of domestic violence").

In fact, the Federal Circuit recently concluded, in the civil context, that the existence of a domestic relationship need not be an element of the misdemeanor crime that serves as the basis for denial of a firearm under § 922(g)(9). *White v. Dep't of Justice*, 328 F.3d 1361 (Fed. Cir. 2003). In *White*, the plaintiff argues that his simple assault conviction was not a misdemeanor crime of domestic violence under § 922(g)(9) because his conviction was only for simple assault. The court rejected this argument, concluding that on review

> of Section 921(a)(33)(A)(ii) and reading the statute in light of clear and explicit legislative history [we] conclude, as have other circuits, that the statute includes convictions for crimes that do not incorporate a domestic relationship as an element, so long as the agency's proof establishes a domestic relationship as described in Section 921(a)(33)(A)(ii), because in light of the legislative history the only statutorily required element is violence or the threat thereof.

*Id.* at 1364. The court found that the plaintiff's state law conviction for simple assault was a misdemeanor crime of domestic violence because the crime contained an element of use or attempted use of physical force, and there was sufficient evidence of a domestic relationship between the plaintiff and the victim.

**B. Whether the Relationship Defendant Shared With the Victim Qualified the Assault as a Crime of Domestic Violence**

Next, Plaintiff argues that his relationship with the victim of the assault does not qualify the assault as a crime of domestic violence. However, Plaintiff's argument largely ignores the fourth category of domestic relationships articulated under § 921(a)(33)(A)(ii), namely persons "similarly situated to a spouse, parent or guardian." 18 U.S.C. § 921(a)(33)(A)(ii). Several courts have concluded that a "live-in girlfriend"

qualifies as a domestic relationship under this provision. *See, e.g., U.S. v. Shelton*, 325 F.3d 553 (5th Cir. 2003) (victim of assault was a live-in girlfriend); *United States v. Denis*, 297 F.3d 25 (1st Cir. 2002) (defendant's "live-in girlfriend" of two months was similarly situated to a spouse for purposes of Section 921(a)(33)(A)(ii)). Here, the police report titled "CHILD ABUSE, ADULT ABUSE, AND DOMESTIC ABUSE STANDARD REPORT" indicates that the person Defendant assaulted was his "live-in" girlfriend. (Doc. 13, Ex. 1).

Even if the Court were to assume that the police report got it wrong, the case law suggests that the victim having lived with the defendant is not a requirement. *Eibler*, 311 F. Supp. at 622. For example, in *White*, the relationship was described as "close [and] personal," identifying the victim as the plaintiff's "long-time paramour" although the two had separate residences. 328 F.3d at 1363-64, 1369. Similarly, in *United States v. Cuervo*, 354 F.3d 969, at 22-23 (8th Cir. 2004), the defendant was convicted of assaulting his secretary with whom he had engaged in a long-term extramarital affair, even though the defendant was married and lived with his wife. The Eighth Circuit affirmed the defendant's conviction, finding that his extramarital affair qualified as "similarly situated" because the evidence established that the two "shared an intimate personal relationship." 354 F.3d 969.

Even if the woman Defendant assaulted was not a "live-in" girlfriend, he admits that he and the victim "had some romantic relationship and, in fact, had engaged in sexual relations." (Doc. 12 at 3). Therefore, the Court finds that the victim falls in the fourth category of domestic relationships as defined by Section 921(a)(33)(A)(ii).

## IV. CONCLUSION

Accordingly, for these reasons, Defendant's motion to dismiss (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

Date: 10/6/14

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge